# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KEVIN B. MADISON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 10-1128** |
| **ORLEANS PARISH PRISON** | **SECTION "S"(3)** |

## REPORT AND RECOMMENDATION

Plaintiff, Kevin B. Madison, a state pretrial detainee, filed this civil action pursuant to 42 U.S.C. § 1983 against the Orleans Parish Prison. In this lawsuit, he challenges the conditions of his confinement. He states:

> During my time of temporary incarceration here at Orleans Parish Prison, I have been exposed to an infestation of insects, mold, mildew, and an excessive amount of water leaks and moisture. I have experianced [sic] water dripping from the ceilings onto the mats that we sleep on as well as onto the floors in the halls and dayrooms. Mold as well as mildew is hazardous to our health and it causes cancer and has a tendancy [sic] to eat at your insides. The insects are completely unsanitary and nasty.[1]

As relief, he seeks $1,200,000.00 in compensatory damages.[2]

---

[1] Rec. Doc. 1, p. 3.

[2] Rec. Doc. 1, p. 4.

## I. Standards of Review

Federal law mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).[3] Regarding such lawsuits, federal law further requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law similarly provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal –
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary damages against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). In making a determination as to whether a claim is frivolous, the

---

[3] "[T]he term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915A(c).

Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *In re* Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (citation, footnote, and quotation marks omitted). The United States Supreme Court recently explained:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citations and quotation marks omitted).

Although broadly construing plaintiff's complaint,[4] the Court nevertheless finds that, for the following reasons, the complaint must be dismissed as frivolous and for otherwise failing to state a claim on which relief may be granted.

---

[4] The court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

## II. Improper Defendant

The sole defendant named in this lawsuit is the "Orleans Parish Prison." The prison is not a proper defendant. It is merely a building, not a "person" subject to suit under 42 U.S.C. § 1983. Bolden v. Orleans Parish Jail, Civ. Action No. 08-0728, 2009 WL 507045, at *2 (E.D. La. Feb. 26, 2009); Glenn v. Louisiana, Civ. Action No. 08-4817, 2009 WL 382680 (E.D. La. Feb. 11, 2009); Smith v. Orleans Parish Prison, Civ. Action No. 08-3786, 2008 WL 2951279, at *1 n.3 (E.D. La. July 25, 2008); Francis v. United States, Civ. Action No. 07-1991, 2007 WL 2332322, at *2 & n.4 (E.D. La. Aug. 13, 2007); see also Cullen v. DuPage County, No. 99-C-1296, 1999 WL 1212570, at *1 (N.D. Ill. Dec. 14, 1999); Whitley v. Westchester County Correctional Facility Administration, No. 99-CIV-0420(SS), 1997 WL 659100, at *7 (S.D.N.Y. Oct. 22, 1997); Powell v. Cook County Jail, 814 F.Supp. 757, 758 (N.D. Ill. 1993); Brooks v. Pembroke City Jail, 722 F.Supp. 1294, 1301 (E.D.N.C. 1989); Mitchell v. Chester County Farms Prison, 426 F.Supp. 271, 274 (E.D. Pa. 1976).

## III. Absence of Physical Injury

Further, even if plaintiff had named a proper defendant, which he has not, his complaint would nevertheless still be subject to dismissal on another basis. The only relief plaintiff seeks is compensatory damages. However, such damages are unavailable unless plaintiff suffered a *physical* injury; mere emotional distress is insufficient. See 42 U.S.C. § 1997e(e) ("No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."); Herman v. Holiday, 238 F.3d 660, 665-66 (5th Cir. 2001). In this case, plaintiff has not alleged that he suffered a physical injury caused by the conditions about which he complains.

IV. Plaintiff's Claims

Lastly, out of an abundance of caution, the Court further notes that plaintiff's claims would not warrant relief even if they were considered on the merits. It is, of course, clear that "the Fourteenth Amendment prohibits the imposition of conditions of confinement on pretrial detainees that constitute punishment." Collins v. Ainsworth, 382 F.3d 529, 540 (5th Cir. 2004) (internal quotation marks omitted). That said, the jurisprudence recognizes that the judiciary is ill equipped to micro-manage a jail's day-to-day operations, and federal courts are therefore loathe to intervene when detainees complain of trivial inconveniences. Further, such judicial restraint is appropriate because the federal constitution simply is not concerned with a *de minimis* level of imposition on pretrial detainees. Bell v. Wolfish, 441 U.S. 520, 539 n.21 (1979); Ruiz v. El Paso Processing Center, 299 Fed. App'x 369, 371 (5th Cir. 2008). For the following reasons, it apparent that plaintiff has not demonstrated that his complaints concern anything more than *de minimis* inconveniences which do not implicate his constitutional rights and do not warrant federal relief.

Admittedly, there is a point beyond which a prison cell's conditions are so unsanitary as to render them unconstitutional. See, e.g., Gates v. Cook, 376 F.3d 323, 338 (5th Cir. 2004) (confinement in "'extremely filthy' [cells] with crusted fecal matter, urine, dried ejaculate, peeling and chipping paint, and old food particles on the walls" was unconstitutional). However, the conditions alleged by plaintiff simply do not rise to that level. The mere fact that insects are present in plaintiff's cell does not amount to a constitutional violation. See, e.g., Morrison v. Bench, No. 3:09-CV-1003, 2009 WL 4858066, at *4 (N.D. Tex. Dec. 14, 2009); Murray v. Edwards County Sheriff's Department, 453 F.Supp.2d 1280, 1292 (D. Kan. 2006), aff'd, 248 Fed. App'x 993 (10th

5

Cir. 2007); Smith v. Barber, 316 F.Supp.2d 992, 1029 (D. Kan. 2004); Warren v. Stempson, 800 F.Supp. 991 (D.D.C. 1992), aff'd, 995 F.2d 306 (D.C. Cir. 1993). Likewise, the presence of mold and mildew does not render the conditions unconstitutional. See, e.g., Carter v. Strain, Civ. Action No. 09-15, 2009 WL 3231826, at *3 (E.D. La. Oct. 1, 2009); McCarty v. McGee, No. 2:06cv113, 2008 WL 341643, at *3 (S.D. Miss. Feb. 5, 2008); Crook v. McGee, No. 2:07cv167, 2008 WL 53269, at *2 (S.D. Miss. Jan. 2, 2008). The same is true of the presence of moisture and leaks, even if the moisture dripped onto plaintiff's sleeping mat. See, e.g., Carter, 2009 WL 3231826, at *3; Lewis v. Foti, Civ. Action No. 95-0334, 1996 WL 175004, at *9 (E.D. La. Apr. 12, 1996). While these conditions may be uncomfortable, that fact does not make them actionable. See Talib v. Gilley, 138 F.3d 211, 215 (5th Cir. 1998) ("[T]he Constitution does not mandate prisons with comfortable surroundings or commodious conditions."); Wilson v. Lynaugh, 878 F.2d 846, 849 & n.5 (5th Cir. 1989) (noting that the Constitution does not protect prisoners from "discomfort and inconvenience" and that prisoners "cannot expect the amenities, conveniences, and services of a good hotel").

### **RECOMMENDATION**

It is therefore **RECOMMENDED** that plaintiff's complaint be **DISMISSED WITH PREJUDICE** as frivolous and for otherwise failing to state a claim on which relief may be granted.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district

court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[5]

New Orleans, Louisiana, this twenty-sixth day of April, 2010.

                                        **DANIEL E. KNOWLES, III**
                                        **UNITED STATES MAGISTRATE JUDGE**

---

[5] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.